Caruthers, J.,
delivered the opinion of the Court.
On the trial of the issue in this case, upon the validity of the paper prosecuted as the Will of Joseph Johnson, the proof was, by James C. Hollis, that he wrote and witnessed, at the request, and as directed, by the deceased. There were two other subscribing witnesses, *102 but they were both legatees, and properly rejected as incompetent. It was then proved, by two witnesses, (Jones and Anderson,) that the signature, to said paper, was the handwriting of Joseph Johnson. There was no other proof in the case.
It is conceded, on all hands, that the paper was not sufficiently proven, as a Will of real estate; but, it is insisted, that it is good for the personalty. The Court instructed the jury, “that the testimony of one witness, corroborated by evidence that the name of the alleged testator is in Ms proper handwriting, is not a sufficient guarantee of evidence, to warrant the jury in finding” the paper to be a Will.
Our Statute of Wills hás given no exact directions, in relation to the attestation of Wills of personalty, as it has done in cases of realty; but, that it requires two witnesses to establish a Will of personal property, is a settled rule in this State: Moore vs. Steele, 10 Hump., 562, and cases before and since. They need not be subscribing witnesses, as in case of realty. Nor is it necessary that two witnesses should prove the fact of the execution of the paper. It is enough, that the proof made by two, or more, is equivalent to that. In the case of Suggett vs. Mitchell, 6 Yer., 428, the evidence of the witness who wrote the Will, and another, that he had heard the testator say he intended so to dispose of his property, was held to be insufficient.
The authorities cited in Suggett vs. Mitchell, seem to go to the extent, that proof of the identity of the Will by one witness, and of the handwriting by another, would be sufficient; but this is when the body of the *103 Will is proved to be in bis own bandwriting, not the signature alone: 2 Bl. Com., 601; Roberts on Fr., 450.
In the case before us, there is but one witness who proves the factum, or identity of the Will, and there is no additional evidence, whatever, except the proof that the signature of the testator is believed to be genuine. We concur with His Honor, the Circuit Judge, in believing that this is not sufficient, under our laws. It would render the rights of legal heirs, and the trustees, too insecure, if Wills could be thus easily established. It is true, that one credible and reliable witness to the factum, as in this case, might be satisfactory to us, and to a jury, but the law has wisely required that at least tioo shall be necessary — not witnesses who have attested the writing, but such as may expressly, or by circumstances, establish the factum. Two are not required to each particular fact, or to everything necessary for a complete testament. One may prove the making, or contents, and the other, some previous declarations, subsequent recognitions, or other extrinsic circumstances, tending to corroborate the act itself: 1 Williams on Ex., 287-8. But, what circumstances are there here to corroborate Hollis? There is not a particle of proof that any one ever saw, or heard the testator say anything, before or after, with reference to this paper, or the manner in which he had, or intended to, dispose of his property. It is not even proved that the dispositions made of his property, in the paper, were in conformity to his expressed wishes. If the body of the paper were proved to be in his proper handwriting, or had been even recognized, or referred to by him, as his Will, that might do for the second witness.
*104 But we have nothing of that kind, but simply proof of the signature. This is competent evidence, and proper to be considered by the jury, but it is not enough of itself, to answer the demands of the law, requiring two witnesses, or what is tantamount to that. The danger' of imposition, by forging the name, or writing, above the genuine signature, would be too great, if this were held to be sufficient.
The judgment will be affirmed.